Lindsay Herf, AZ Bar No. 027554
Robert Dormady, AZ Bar No. 031755
Katherine Puzauskas, AZ Bar No. 026345
**Arizona Justice Project**
411 N. Central Ave., Suite 600
Phoenix, AZ 85004-2139
Lindsay.Herf@azjusticeproject.org
Katherine.Puzauskas@asu.edu
Robert.Dormady@asu.edu

Howard R. Cabot, AZ Bar No. 006669
Randy McDonald, AZ Bar No. 032008
Austin C. Yost, AZ Bar No. 034602
**Perkins Coie LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
HCabot@perkinscoie.com
RMcDonald@perkinscoie.com
AYost@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ABELARDO CHAPARRO,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES L. RYAN, in his official capacity as Director, Arizona Department of Corrections,<br><br>    Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff Abelardo Chaparro alleges as follows:

**PARTIES**

1. Plaintiff Abelardo Chaparro is in the custody of the Arizona Department of Corrections ("ADC"). He currently resides at the Arizona State Penitentiary Complex-Tucson, in Pima County, Arizona.

2. Defendant Charles L. Ryan is the Director of ADC. Upon information and belief, he resides in Maricopa County, Arizona. At all times relevant to this Complaint, he is, and has been, responsible for creating, implementing, supervising, and otherwise administering programs, policies, and employees for ADC, including those relating to the certification of parole eligibility.

3. Upon information and belief, at all times relevant to the Complaint, Defendant Ryan is an officer and employee of ADC and all of the acts alleged herein were within the scope of his employment. Defendant Ryan is named in his official capacity only, and no damages are being sought against him.

## JURISDICTION AND VENUE

4. Mr. Chaparro brings this action pursuant to the civil rights laws of the United States, 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendment to the United States Constitution, and the laws of the State of Arizona.

5. This Court has original jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the state law claim (THIRD CLAIM) under 28 U.S.C. § 1367(a). This Court also has authority to issue declaratory and/or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57. Additionally, the Court has authority to award attorneys' fees under 42 U.S.C. § 1988(b).

6. Venue in the District of Arizona is proper under 28 U.S.C. §§1391(b)(1) and (2), because Defendant resides in this District and the events and omissions giving rise to Plaintiff's claims arose in this District.

7. Under *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005), Plaintiff's claims are properly brought as civil rights claims under 42 U.S.C. § 1983, rather than as habeas corpus claims under 28 U.S.C. § 2254, because the only relief Plaintiff seeks from the Court is an order requiring Defendant to certify that Plaintiff is eligible for parole *consideration* after serving 25 years in prison, and not an order for his present or earlier release.

**EVENTS GIVING RISE TO MR. CHAPARRO'S CLAIM**

<u>The State of Arizona Has Abolished Parole</u>

8. Prior to January 1, 1994, Arizona law authorized two relevant forms of "release" — parole and commutation — for a defendant convicted of first-degree murder and sentenced to life with the possibility of release under A.R.S. § 13-703.

9. In 1993, the Arizona Legislature amended A.R.S. § 41-1604.09 to eliminate parole for all offenses committed on or after January 1, 1994. *See* 1993 Ariz. Sess. Laws Ch. 255 (First Reg. Sess.).

<u>Mr. Chaparro Was Sentenced to Life with Possibility of Parole</u>

10. On May 31, 1995, Mr. Chaparro was charged with first-degree murder in connection with events that occurred on May 21, 1995.

11. Before trial, Mr. Chaparro was offered a plea agreement under which he would have served no more than 21 years.

12. On the advice of defense counsel that he would likely receive a sentence under which he would be eligible for parole after 25 years if convicted at trial, Mr. Chaparro rejected the plea offer and exercised his right to trial by jury.

13. On July 25, 1996, Mr. Chaparro was convicted of one count of first-degree murder.

14. Mr. Chaparro was sentenced to "life without possibility of parole for 25 years." *See* Minute Entry dated December 3, 1996, attached as **Exhibit A**.

15. When imposed, the trial court's sentence was unlawful or not authorized by state law because Arizona had eliminated parole for offenses committed on or after January 1, 1994.

16. The State did not request that Mr. Chaparro's sentence be corrected to delete the unauthorized parole-eligibility provision, nor did the trial court correct the sentence on its own motion. *See* Ariz. R. Crim. P. 24.3 (2019) (requiring that the trial court modify an "unlawful sentence or one imposed in an unlawful manner" within 60 days). Mr. Chaparro

1  appealed his conviction on grounds not relevant here, but the State did not appeal or cross-appeal on any issue.

17. On July 31, 1997, the Arizona Court of Appeals affirmed Mr. Chaparro's conviction and sentence in a memorandum decision, *State v. Chaparro*, 1 CA-CR 96-0726.

18. On May 19, 1998, the Arizona Supreme Court denied further review of Mr. Chaparro's conviction and sentence.

19. Because the State did not challenge Mr. Chaparro's life-with-possibility-of-parole sentence by means of a timely motion in the trial court or a cross-appeal, no court has jurisdiction to amend that sentence, and it therefore is now valid and binding. *State v. Dawson*, 792 P.2d 741, 164 Ariz. 278 (1990).

<u>Mr. Chaparro Was Denied Parole Eligibility Certification</u>

20. Mr. Chaparro has served more than 24 years of his sentence and will have served 25 years on or about June 17, 2020.

21. Parole hearings initiate automatically in Arizona. *See* A.R.S. § 41-1604.09. When an inmate enters ADC, its Time Computation Unit conducts an initial classification review and determines a parole eligibility date. *Id.*

22. In April of 2017, Mr. Chaparro learned from another prisoner, and then read in a newspaper article, that there might be an issue with sentences of life with the possibility of parole after 25 years in Arizona. An ADC Correctional Officer subsequently informed Plaintiff that he was not eligible for parole consideration and could only apply for *commutation* after serving 25 years.

23. In April, May, and December of 2017, Plaintiff filed several written requests and demands for parole eligibility with ADC officials, including Defendant, without success.

24. In February of 2018, the Offender Services Bureau Administrator, acting on behalf of Defendant, confirmed that Mr. Chaparro would not be parole certified. *See* ADC Inmate Letter Response, dated February 6, 2018, attached hereto as **Exhibit B**.

25. The Time Computation Unit initiates parole proceedings approximately five months in advance of the inmate's release eligibility date. *See* A.R.S. § 41-1604.09(D). Plaintiff's certification date would be approximately January 17, 2020.

The State Legislature Has Enacted a Remedy that Applies to Similarly Situated Prisoners, but not to Plaintiff

26. In 2018, the Arizona Legislature enacted, and the Governor of Arizona signed, Senate Bill 1211 — now codified as A.R.S. § 13-718. That statute provides that "a person who was convicted of first degree murder and who was sentenced [between January 1, 1994 and August 3, 2018] to life with the possibility of parole after serving a minimum number of calendar years *pursuant to a plea agreement that contained a stipulation to parole eligibility* is eligible for parole after serving the minimum number of calendar years that is specified in the sentence." A.R.S. 13-718(A) (emphasis added). The effective date of § 13-718 was August 3, 2018.

27. Because Plaintiff was not sentenced "pursuant to a plea agreement that contained a stipulation to parole eligibility," he is not covered by A.R.S. § 13-718.

The Differences Between Parole and Commutation are of Constitutional Proportions

28. Even though parole has been eliminated for offenses committed since January 1, 1994, the Arizona Board of Executive Clemency ("Board") still has the authority and a mechanism in place to grant or deny parole to certain prisoners, including (a) those who committed offenses prior to January 1, 1994, (b) juvenile offenders, and (c) those covered by A.R.S. § 13-718.

29. In Arizona, parole is much more favorable to a convicted defendant than commutation, for several reasons including:

a. The criteria for parole are less stringent than those for commutation: A prisoner eligible for parole only needs to show that "there is a substantial probability that the applicant will remain at liberty without violating the law and that the release is in the best interests of the state," A.R.S. § 31-412(A), but an applicant seeking commutation must show that there is "a substantial probability that when released the offender will conform

the offender's conduct to the requirements of the law" **and** that there is "**clear and convincing evidence** that the **sentence imposed is clearly excessive**," A.R.S. § 31-402(C)(2) (emphasis added).

      b.    Decisions to grant or deny parole are made by the Board without any review by the Governor, A.R.S. § 31-412(A), however, final decisions on the granting of commutation are made by the Governor — *if* the Board first recommends commutation (after its own two-step process), A.R.S. § 31-402(B).

      c.    The differences between parole and commutation have led to drastically disparate release rates. According to the Board's annual reports from FY2012-FY2014, the Governor approved 23/1,820 applications for commutations (~1%) — 18 of those grants were "imminent danger of death" petitions. In FY2012-2014, the Board granted parole to the streets in 161/803 cases (~ 20%).

**FIRST CLAIM: DENIAL OF EQUAL PROTECTION, 28 U.S.C. § 1983**

30.    The only difference between Plaintiff, who is not entitled to parole eligibility under A.R.S. § 13-718, and the prisoners who *are* eligible for parole under § 13-718, is that Mr. Chaparro exercised his constitutional right to trial.

31.    Because exercising a constitutional right cannot be a rational, or even permissible, basis for denying a liberty interest granted to others, *see Lacey v. Maricopa Cty.*, 693 F.3d 896, 922 (9th Cir. 2012), Mr. Chaparro has been denied his right to due process and equal protection of the laws under the Fourteenth Amendment to the United States Constitution, and under 42 U.S.C. § 1983.

**SECOND CLAIM: DENIAL OF DUE PROCESS, 28 U.S.C. § 1983**

32.    Under Arizona law, because the State did not challenge the life-with-possibility-of-parole sentence imposed on Plaintiff by the state trial court, either in the state trial court or on appeal, no court has jurisdiction to amend that sentence, and it therefore has become valid and final. *State v. Dawson*, 792 P.2d 741, 164 Ariz. 278 (1990).

33.    Plaintiff's now lawful sentence under *Dawson*, in concert with Arizona's existing parole system, creates a liberty or property interest in parole eligibility.

34. Defendant's refusal to certify Plaintiff for parole is a denial of a protected liberty or property interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and under 42 U.S.C. § 1983.

### THIRD CLAIM: FAILURE TO ENFORCE LAWFUL SENTENCE

35. Under Arizona law, because the State did not challenge the life-with-possibility-of-parole sentence imposed on Plaintiff by the state trial court, either in the state trial court or on appeal, no court has jurisdiction to amend that sentence, and it therefore has become valid and final. *State v. Dawson*, 792 P.2d 741, 164 Ariz. 278 (1990).

36. The Superior Court's sentencing order, in concert with *Dawson* and with Arizona's existing parole system, creates a legal duty that Defendant certify Plaintiff as parole eligible.

37. Defendant's refusal to certify Plaintiff for parole is a violation of Arizona law and constitutes a failure to perform a duty required by law over which he has no discretion.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. A declaration that Plaintiff is eligible for parole after serving 25 years imprisonment;

B. A preliminary and permanent injunction requiring Defendant to certify Plaintiff eligible for parole five months prior to serving 25 calendar years of imprisonment and thereafter in accordance with Arizona law and ADC policy;

C. Attorneys' fees and costs, and costs of suit, as provided by 42 U.S.C. § 1988 and any other applicable authority; and

D. Such other and further relief as this Court deems just and proper.

Dated: January 31, 2019

**ARIZONA JUSTICE PROJECT**

By:/S/ Randy McDonald for
    Lindsay Herf
    Katherine Puzauskas
    Robert J. Dormady
    411 North Central Avenue, Suite 600
    Phoenix, Arizona 85004

**PERKINS COIE LLP**

By:/S/ Randy McDonald
    Howard R. Cabot
    Randy McDonald
    Austin C. Yost
    2901 N. Central Avenue, Suite 2000
    Phoenix, Arizona 85012-2788

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

☒ I hereby certify that on January 31, 2019, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following all registered CM/ECF registrant(s):

Copy of the foregoing mailed this
31st day of January, 2019 to:

Charles Ryan-Director
**AZ Department of Corrections**
1601 W. Jefferson
Phoenix, Arizona 85007

*S/ Jennifer Gonzalez*
**Perkins Coie, LLP**