Lindsay Herf, AZ Bar No. 027554
Robert Dormady, AZ Bar No. 031755
Katherine Puzauskas, AZ Bar No. 026345
**Arizona Justice Project**
411 North Central Avenue, Suite 600
Phoenix, Arizona 85004-2139
Lindsay.Herf@azjusticeproject.org
Katherine.Puzauskas@asu.edu
Robert.Dormady@asu.edu

Howard R. Cabot, AZ Bar No. 006669
Randy McDonald, AZ Bar No. 032008
Austin C. Yost, AZ Bar No. 034602
**Perkins Coie LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
HCabot@perkinscoie.com
RMcDonald@perkinscoie.com
AYost@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Plaintiff*
*Abelardo Chaparro*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Abelardo Chaparro,<br><br>Plaintiff,<br><br>v.<br><br>David C. Shinn, in his official capacity as Director, Arizona Department of Corrections,<br><br>Defendant. | No. 2:19-CV-00650-DWL-MHB<br><br>**PLAINTIFF ABELARDO CHAPARRO'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Assigned to Hon. Dominic Lanza) |

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Abelardo Chaparro respectfully requests that this Court enter a preliminary injunction requiring Defendant David C. Shinn, as Director of the Arizona Department of Corrections ("ADOC"), to certify him as eligible for parole. This Motion is supported by the following Memorandum of Points and Authorities.

**Memorandum of Points and Authorities**

**I.      Introduction**

Although the Arizona Legislature abolished parole for adults who commit felony offenses on or after January 1, 1994, Mr. Chaparro was sentenced to "life without possibility of parole for 25 years" for an offense that occurred in 1995. At the time that Mr. Chaparro was sentenced, the State of Arizona ("the State") did not object to Mr. Chaparro's parole-eligibility after 25 years imprisonment and did not appeal Mr. Chaparro's sentence. Mr. Chaparro served his sentence as a model inmate, believing that after 25 years he would be given the opportunity to demonstrate that he had been rehabilitated and was ready to re-enter society. But on the eve of his certification for parole-eligibility, ADOC informed Mr. Chaparro that he was not, and never would be, eligible for parole unless some affirmative act was taken by the Legislature. Mr. Chaparro filed this suit to compel ADOC to comply with his sentence. In response, ADOC asked this Court to certify the question of whether Mr. Chaparro's sentence conferred parole-eligibility to the Arizona Supreme Court.

The Arizona Supreme Court has now held that Mr. Chaparro "is eligible for parole after serving 25 years pursuant to his sentence, and his illegally lenient sentence is final under Arizona law." [Doc. 32 at 8 ¶ 23; *see also id.* at 2 ¶ 2 (holding that "a sentence imposing 'life without possibility of parole for 25 years' means the convicted defendant is eligible for parole after serving 25 years' imprisonment despite § 41-1604.09's prohibition of parole for persons convicted of offenses occurring on or after January 1, 1994" and further holding that "a court lacks jurisdiction to correct an illegally lenient sentence absent timely correction or appeal"); *id.* at 6–7 ¶¶ 17–18 (declaring that Mr. Chaparro "is eligible for parole after serving 25 years" and finding that Mr. Chaparro's sentence "is final and enforceable" under Arizona law).]

As a result, Mr. Chaparro will be eligible for release on parole on June 17, 2020. Arizona law requires that ADOC certify Mr. Chaparro as eligible for parole five months before his release date—January 17, 2020, so that the Arizona Board of Executive Clemency ("BOEC") can conduct a parole hearing. Because Mr. Chaparro's parole

1  certification date has already passed, every additional day that passes brings fresh injury to

2  Mr. Chaparro, who has one day less to prepare for a parole hearing that the BOEC must

3  hold by June 17. This Court should therefore grant Mr. Chaparro's Motion for Preliminary

4  Injunction and require ADOC to immediately certify Mr. Chaparro as eligible for parole in

5  accordance with A.R.S. § 41-1604.09(D), so that he may have a parole hearing.

6  **II.    Background**

7      In 1993, the Arizona Legislature amended A.R.S. § 41-1604.09 to eliminate parole

8  for adults who commit felony offenses on or after January 1, 1994. *See* 1993 Ariz. Sess.

9  Laws Ch. 255 (First Reg. Sess.). On July 25, 1996, Mr. Chaparro was convicted of one

10  count of first-degree murder in connection with events that occurred in 1995. [Doc. 23 at

11  3.] Despite the Legislature's abolition of parole, Mr. Chaparro was sentenced to "life

12  without possibility of parole for 25 years." [*Id.* at 4.] The State did not timely challenge Mr.

13  Chaparro's sentence in the trial court or on appeal. On February 6, 2018, almost 23 years

14  after Mr. Chaparro was sentenced, ADOC informed Mr. Chaparro that he would never be

15  eligible for parole unless the Legislature took some action to confer parole-eligibility. [Doc.

16  1–3 at 3.] This lawsuit, in which Mr. Chaparro seeks declaratory and injunctive relief for

17  denial of his rights under state law and the Due Process and Equal Protection Clauses of the

18  Fourteenth Amendment to the United States Constitution, followed. [*See* Doc. 1.]

19      ADOC argued that Mr. Chaparro's sentence did not actually confer parole-eligibility

20  after 25 years imprisonment and asked this Court to certify a question to the Arizona

21  Supreme Court to address the meaning of Mr. Chaparro's sentence. [Doc. 8]. This Court

22  agreed, in part, because it found that this issue would be determinative of the cause of action

23  pending here. [Doc. 23 at 9 ("[A] victory by Chaparro [at the Arizona Supreme Court] will

24  result in a declaration by [that Court] that his sentence of 'life without the possibility of

25  parole for 25 years' means he must become eligible for parole upon reaching the 25-year

26  mark.").] This Court thus certified the following question to the Arizona Supreme Court:

27      Whether, in light of Arizona Revised Statutes § 41-1604.09, a person
    convicted of first-degree murder following a jury trial for actions that took
28      place on or after January 1, 1994, is eligible for parole after 25 years when

his sentence states that he is sentenced to "life without possibility of parole for 25 years."

[Doc. 25 at 8]. The Arizona Supreme Court accepted the certified question and ordered briefing. Oral argument was held on November 20, 2019. [Doc. 29].

The Arizona Supreme Court issued its ruling on March 5, 2020. The Court held that Mr. Chaparro "is eligible for parole after serving 25 years pursuant to his sentence, and his illegally lenient sentence is final under Arizona law." [Doc. 32 at 8 ¶ 23; *see also id.* at 2 ¶ 2 (holding that "a sentence imposing 'life without possibility of parole for 25 years' means the convicted defendant is eligible for parole after serving 25 years' imprisonment despite § 41-1604.09's prohibition of parole for persons convicted of offenses occurring on or after January 1, 1994" and further holding that "a court lacks jurisdiction to correct an illegally lenient sentence absent timely correction or appeal"); *id.* at 6–7 ¶¶ 17–18 (declaring that Mr. Chaparro "is eligible for parole after serving 25 years" and finding that Mr. Chaparro's sentence "is final and enforceable" under Arizona law).]

## III.  Legal Standard

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Under the Ninth Circuit's sliding scale approach, a stronger showing of one of these elements may offset a weaker showing of another, and thus "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

## IV.  Argument

This Court should issue a preliminary injunction because Mr. Chaparro has an overwhelming likelihood of success on the merits. The Arizona Supreme Court's answer to

this Court's certified question leaves no doubt that Mr. Chaparro received a sentence that confers parole-eligibility after 25 years imprisonment. ADOC's refusal to certify Mr. Chaparro as parole-eligible is therefore a violation of state law and deprives Mr. Chaparro of a constitutionally protected liberty or property interest in the execution of his sentence. The balance of hardships tips sharply in Mr. Chaparro's favor, and the preliminary injunction is undoubtedly in the public interest.

### A.   Mr. Chaparro has an overwhelming likelihood of success on the merits.

The likelihood of success on the merits is the most important factor in considering a motion for preliminary injunction. *See, e.g.*, *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Once a movant shows a likelihood of success, the burden shifts to the party opposing the injunctive relief to demonstrate why the injunction should not be granted. *See, e.g.*, *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1158 (9th Cir. 2007).

This Court has already recognized that the Arizona Supreme Court's decision will be determinative of the outcome of this case. [Doc. 23 at 9.] In his Complaint, Mr. Chaparro asked this Court to declare that he is eligible for parole after serving 25 years in prison. This Court's certification order said that this is "exactly the relief Chaparro *will obtain* if he prevails during the certification proceeding." [*Id.* (emphasis added).] Thus, this Court has already determined that Mr. Chaparro is likely to succeed on the merits of his claim now that the Arizona Supreme Court has agreed that his sentence confers parole-eligibility.

### B.   Mr. Chaparro has suffered, and will continue to suffer, irreparable harm every day that ADOC refuses to certify him as eligible for parole.

Arizona law requires ADOC to certify Mr. Chaparro as eligible for parole five months before his release date. *See* A.R.S. § 41-1604.09(D) ("The director shall certify as eligible for parole any prisoner classified within an eligible classification five months immediately before the prisoner's earliest parole eligibility."). Mr. Chaparro is eligible for release on parole on June 17, 2020, so ADOC was required to certify Mr. Chaparro as eligible for parole no later than January 17, 2020. [Doc. 32 at 3 ¶ 5 (observing that ADOC was "required under § 41-1604.09(D) to initiate parole proceedings in January 2020").] Of

course, that day has come and gone, and ADOC has still not certified Mr. Chaparro as eligible for parole. But until he is certified, the BOEC cannot provide him a parole hearing and will not make time on its calendar to schedule a parole hearing for him. *See* A.R.S. § 31-411(A).

Beyond that, before Mr. Chaparro can be paroled, he will need to complete a number of tasks like securing housing, finding a job, acquiring identification, and enrolling in the Arizona Health Care Cost Containment System, to name a few. Mr. Chaparro cannot complete many of these tasks until he is certified as eligible for parole. Halfway houses and other residential communities for parolees, for example, will generally not consider a potential parolee without a parole eligibility date. So, every day that goes by without ADOC's certification that Mr. Chaparro is eligible for release on parole is one day less that Mr. Chaparro has to take these necessary steps to prepare for his parole hearing.

Unlike a plaintiff who sues for monetary damages, the delay here is especially likely to result in irreparable harm. *See hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 993 (9th Cir. 2019) ("[M]onetary injury is not normally considered irreparable."); *see also Damus v. Nielsen*, 313 F. Supp. 3d 317, 342 (D.D.C. 2018) ("Unlike economic harm, the harm from detention pursuant to an unlawful departure from agency procedure cannot be remediated after the fact."). ADOC was required to certify Mr. Chaparro as eligible for parole on January 17, 2020. With every passing day, Mr. Chaparro suffers a harm that cannot be remediated with monetary damages. *See, e.g.*, *League of Women Voters of United States v. Newby*, 838 F.3d 1, 8 (D.C. Cir. 2016) (stating that irreparable harm "must be beyond remediation"). Mr. Chaparro's loss of time to prepare for his parole hearing simply cannot be replaced or remediated with money damages.

**C.    The balance of hardships tips sharply in Mr. Chaparro's favor and a preliminary injunction is in the public interest.**

The balance of hardships tips sharply in Mr. Chaparro's favor as he continues to suffer serious and irreversible harm so long as he remains incarcerated without being certified as eligible for parole. The hardship placed on ADOC by requiring it to comply

1    with its legal obligation to certify Mr. Chaparro as eligible for parole is infinitesimal when

2    compared with the hardship Mr. Chaparro faces as he loses (and has already lost) valuable

3    days to complete a number of necessary tasks before his parole hearing.

4        In the Ninth Circuit, "serious questions going to the merits and a balance of hardships

5    that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so

6    long as the plaintiff also shows that there is a likelihood of irreparable injury and that the

7    injunction is in the public interest." *All. for the Wild Rockies*, 632 F.3d at 1135 (internal

8    quotation marks omitted). Mr. Chaparro easily meets these requirements, and the Court

9    should therefore issue a preliminary injunction.[1]

10       A preliminary injunction is also in the public interest, as the Ninth Circuit has made

11   clear that "'it is always in the public interest to prevent the violation of a party's

12   constitutional rights.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting

13   *Sammartano v. First Judicial Dist. Court*, 303 F.3d 959 (9th Cir. 2002)). And the public

14   has no interest whatsoever in ADOC's refusal to comply with Mr. Chaparro's sentence and

15   Arizona law by not certifying Mr. Chaparro as eligible for parole.

16   **D.    Mr. Chaparro is entitled to a mandatory injunction.**

17       When a party seeks a "mandatory" rather than a "prohibitory" injunction, a stronger

18   showing is required. Mandatory injunctions "are not granted unless extreme or very serious

19   damage will result and are not issued in doubtful cases or where the injury complained of

20   is capable of compensation in damages." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma

21   GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009). Mr. Chaparro satisfies these requirements.

22

---

23   [1] The Court should not require Mr. Chaparro to post a bond under Federal Rule of
24   Civil Procedure 65(c). Rule 65(c) vests courts with "discretion as to the amount of security required, if any." *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999); *see also
25   Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (stating that there is no bond required absent a showing of a "realistic likelihood of harm to the defendant from enjoining
26   his or her conduct"); *Barahona-Gomez*, 167 F.3d at 1237 (finding that the district court did not err when plaintiffs in public interest litigation were only required to post "a nominal
27   bond"). Requiring a bond in this case, brought by pro bono attorneys in the public interest on behalf of a plaintiff with limited financial resources, "would effectively deny access to
28   judicial review." *California ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1325 (9th Cir. 1985).

First, in light of the Arizona Supreme Court's answer to this Court's certified question, the merits of this case are not "doubtful." This Court has already said that if the Arizona Supreme Court agreed with Mr. Chaparro's interpretation of his sentence, then Mr. Chaparro would be entitled to the relief that he seeks. [Doc. 23 at 9.] The Arizona Supreme Court agreed with Mr. Chaparro, so Mr. Chaparro is therefore entitled to the relief that he seeks here.

Second, the damage that Mr. Chaparro has suffered and will continue to suffer if this preliminary injunction is not granted is "extreme or very serious." Although the due process right that Mr. Chaparro seeks to vindicate is the right to a parole hearing, the underlying right that the hearing would ultimately decide is nothing less than Mr. Chaparro's freedom after 25 years of incarceration. Courts have granted mandatory preliminary injunctions in similar situations, including when such an injunction was necessary to protect the due process right to a hearing where the outcome determined a person's freedom. *See, e.g.*, *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1162 (D. Or. 2018) (granting a mandatory preliminary injunction for a violation of the Fifth Amendment due process right); *Norsworthy v. Beard*, 87 F. Supp. 3d 1164, 1195 (N.D. Cal. 2015) (granting a mandatory preliminary injunction to a prisoner seeking gender reassignment surgery); *Booth v. McManaman*, 830 F. Supp. 2d 1037, 1045 (D. Haw. 2011) (granting a mandatory preliminary injunction requiring the State to process food stamp applications and issue benefits as required by law).

Finally, "the injury complained of" here is not "capable of compensation in damages." *See Mucos Pharma*, 571 F.3d at 879. Mr. Chaparro does not seek monetary damages in his Complaint, nor would monetary damages compensate him for the loss that he has suffered and is currently suffering, as explained in Section IV(B) above.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion**

For all the foregoing reasons, Mr. Chaparro respectfully requests that this Court issue a preliminary injunction requiring ADOC to immediately certify him as eligible for parole as required by A.R.S. § 41-1604.09(D).

Dated:  March 5, 2020.                    **ARIZONA JUSTICE PROJECT**

By: *s/ Austin Yost for*
      Lindsay Herf
      Katherine Puzauskas
      Robert J. Dormady
      411 North Central Avenue, Suite 600
      Phoenix, Arizona 85004

**PERKINS COIE LLP**

By: *s/ Austin Yost*
      Howard R. Cabot
      Randy McDonald
      Austin C. Yost
      2901 N. Central Avenue, Suite 2000
      Phoenix, Arizona 85012-2788

      *Attorneys for Plaintiff*
      *Abelardo Chaparro*

1

## CERTIFICATE OF SERVICE

2      ☒      I hereby certify that on March 5, 2020, I electronically transmitted the

3   attached documents to the Clerk's Office using the CM/ECF System for filing and

4   transmittal of a Notice of Electronic Filing to the following all registered CM/ECF

5   registrant(s):

6
                              David C. Shinn, Director
7                             Arizona Department of Corrections
                              1601 W. Jefferson
8                             Phoenix, Arizona 85007

9
                                   *s/ Clair H. Wendt*
10                            Perkins Coie LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28