UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Abelardo Chaparro,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>David C. Shinn, in his official capacity as Director, Arizona Department of Corrections,<br><br>　　　　　Defendant. | No. 2:19-cv-00650-DWL-MHB<br><br>**[PROPOSED] FINAL JUDGMENT**<br><br>(Assigned to Hon. Dominic Lanza) |

　　　　Plaintiff Abelardo Chaparro and Defendant David C. Shinn, in his official capacity as Director of the Arizona Department of Corrections, having filed a Stipulation to Entry of Final Judgment, having received the Arizona Supreme Court's March 5, 2020 Opinion answering this Court's certified question, and this Court having considered the foregoing and other pleadings in this case and finding that judgment should be entered against Defendant David C. Shinn, and there being no just reason for delay, and good cause appearing, it is hereby:

　　　　ORDERED that pursuant to Federal Rule of Civil Procedure 54, the Stipulation to Entry of Final Judgment is GRANTED; and it is further

　　　　ORDERED, ADJUDGED, AND DECREED, granting and expressly directing entry of Final Judgment in favor of Plaintiff Abelardo Chaparro on his Count III as follows:

1       A.      This Court declares that Plaintiff Abelardo Chaparro is entitled to eligibility for parole after serving 25 years of his sentence in the Arizona Department of Corrections;

      B.      Defendant David C. Shinn must certify Plaintiff Abelardo Chaparro as eligible for parole on the date he will have been incarcerated in the Arizona Department of Corrections for 25 years, as required by his Sentencing Order dated September 23, 1996 [Doc. 21-2];

      C.      Defendant David C. Shinn, in his official capacity as Director of the Arizona Department of Corrections, and any employee, agent, assign, or designee of the Arizona Department of Corrections, is hereby prohibited from changing, withdrawing, or in any way altering the parole-eligibility of Plaintiff Abelardo Chaparro for the reason that he is not entitled to parole because he committed his offense on or after January 1, 1994;

      D.      Except as specifically prohibited by this Final Judgment, Defendant David C. Shinn shall retain his authority to alter the parole-eligibility of Plaintiff Abelardo Chaparro as permitted by Arizona law; and

      E.      Because this Court grants Plaintiff Abelardo Chaparro the complete relief he seeks on his Count III, this Court does not address the merits of Counts I or II and dismisses them without prejudice. *See Hagans v. Lavine*, 415 U.S. 528, 543 (1974) (District Courts should resolve a statutory claim first and should not decide constitutional claims "if the statutory claim was dispositive.").

      F.      Plaintiff Abelardo Chaparro may file a Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses pursuant to Federal Rule of Civil Procedure 54(d) and LRCiv 54.2 within the time allotted by those rules.

      G.      No further matters remain pending in this action. This Final Judgment is entered pursuant to Federal Rule of Civil Procedure 54.

DATED this _____ day of _____, 2020.

_____
The Honorable Dominic Lanza